IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE TEAMSTERS UNION NO. 142 PENSION FUND,<br><br>TRUSTEES OF THE TEAMSTERS UNION LOCAL NO. 142 TRAINING AND APPRENTICESHIP TRUST FUND,<br><br>and<br><br>TRUSTEES OF THE TEAMSTERS UNION LOCAL NO. 142 ANNUITY FUND,<br><br>Plaintiffs,<br><br>v.<br><br>CHIEF HOME BUILDERS LLC,<br><br>Defendant. | ) | CASE NO. 2:26-cv-450 |

**COMPLAINT**

1. Plaintiffs are trustees of various multiemployer benefit funds. Defendant is an employer obligated to make contributions to the Funds based upon contractually agreed rates so that Defendant's employees may participate in and receive the benefits offered by the Funds. Plaintiffs bring this action on behalf of the participants and beneficiaries of the Funds for the purpose of collecting contributions and other amounts due to the Funds.

**JURISDICTION AND VENUE**

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* (2014). Jurisdiction is conferred upon this Court pursuant to ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145, as this is a suit against an employer for failing to make required contributions to an employee benefit fund. Jurisdiction is also conferred upon this Court pursuant to Section 301(a) of the Labor Management Relations Act of 1947

("LMRA"), 29 U.S.C. § 185(a), as this suit alleges violations of a collective bargaining agreement involving an employer and labor organization.

3. Venue is appropriate in this Court under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Funds of which Plaintiffs are Trustees are administered within the jurisdiction of the U.S. District Court, Northern District of Indiana.

## THE PARTIES

4. Plaintiffs are Trustees and fiduciaries of the Teamsters Union No. 142 Pension Fund ("Pension Fund"), Teamsters Union Local No. 142 Training and Apprenticeship Trust Fund ("Training Fund"), and Teamsters Union Local No. 142 Annuity Fund ("Annuity Fund") (collectively, the "Funds"). Each of the Funds were created pursuant to LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5), and are administered through Trust Agreements. The Funds are administered by joint Boards of Trustees composed of an equal number of employee and employer representatives, as required by LMRA § 302(c)(5), 29 U.S.C § 186(c)(5), and the Funds' Boards of Trustees are the "plan sponsors" as defined by 29 U.S.C. § 1002(16)(B)(iii). The Pension Fund is a multiemployer defined benefit pension plan within the meaning of ERISA §§ 3(2), (35), and (37), 29 U.S.C. §§ 1002(2), (35), and (37). The Annuity Fund is a multiemployer defined contribution plan within the meaning of ERISA §§ 3(2), (34), and (37), 29 U.S.C. §§ 1002(2), (34), and (37). The Training Fund is a multiemployer benefit plan and employee welfare plan within the meaning of ERISA §§ 3(1), (37), 29 U.S.C. §§ 1002(1), (37). The Funds are administered in Gary, Indiana.

5. Defendant, Chief Home Builders LLC, is an Indiana limited liability company. At all relevant times, Defendant was an employer as defined in LMRA § 2(2), 29 U.S.C. § 152(2) and ERISA § 3(5), 29 U.S.C. § 1002(5), and was engaged in interstate commerce and affecting

commerce as defined in ERISA § 3(11) and (12), 29 U.S.C. § 1002(11) and (12). Defendant's principal place of business is located in Newton County, Indiana.

## COMMON FACTS

6. At all relevant times, Defendant was a party to and agreed to abide by the terms of one or more collective bargaining agreements ("CBA") with the Teamsters Union Local 142. The terms of the CBA require Defendant to make contributions to the Funds of which Plaintiffs are Trustees, along with contributions to other employee benefit funds. True and accurate copies of the CBAs to which Defendant is signatory are attached as Exhibits A and B.

7. In addition to requiring contributions to the Funds, the CBA also incorporates by reference the terms of the Funds' Trust Agreements. The Funds' Trust Agreements, in turn, give Plaintiffs the authority to collect employer contributions due to the Fund. They also authorize Plaintiffs to adopt and enforce a written collection policy and related policies. Copies of Plaintiffs' Collection Policies are attached hereto as Exhibits C-1 and C-2.

8. Pursuant to the terms of the CBA, Trust Agreements, and Plaintiffs' collection policies, Defendant is required to submit all monthly reports and contributions by the specified due dates. If payment is not received by the due date, the contributions are delinquent and are subject to liquidated damages of 20% of the contribution amount and interest at the rate of 10% per year until paid in full. Defendant is also liable for all attorney fees and costs incurred in connection with the collection of delinquent contributions and/or other amounts owed to the Funds.

**COUNT I**
**(ERISA § 515, 29 U.S.C. § 1145 – Failure to Pay Contributions)**

9. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

10. Defendant has failed to pay the required contributions due on behalf of its employees to Plaintiffs for the work months of October 2025 to the present.

11. Defendant's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and Defendant is therefore liable for delinquent contributions, liquidated damages, interest, and attorney fees and costs pursuant to ERISA § 502(a)(3), 29 U.S.C. §1132(a)(3).

**COUNT II**
**(LMRA § 301, 29 U.S.C. § 185 – Breach of Contract – Failure to Pay Contributions)**

12. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

13. Defendant has failed to pay the required contributions to Plaintiffs for the work months of October 2025 to the present.

14. Defendant's actions are in violation of the CBA, Trust Agreements, and Plaintiffs' collection policies, and Defendant is therefore liable for delinquent contributions, liquidated damages, interest, and attorney fees and costs pursuant to LMRA § 301, 29 U.S.C. § 185.

**COUNT III**
**(ERISA § 515, 29 U.S.C. § 1145 – Failure to Pay Liquidated Damages)**

15. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

16. Defendant failed to make timely contribution payments for the work months September 2025 through the present, thereby rendering the contributions delinquent.

17. Defendant's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and Defendant is therefore liable for liquidated damages and interest pursuant to ERISA § 502(a)(3), 29 U.S.C. §1132(a)(3).

**COUNT IV**

**(LMRA § 301, 29 U.S.C. § 185 – Breach of Contract – Failure to Pay Liquidated Damages)**

18. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

19. Defendant failed to make timely contribution payments for the work months September 2025 through the present, thereby rendering the contributions delinquent.

20. Defendant's actions are in violation of CBA, Trust Agreements, and Plaintiffs' collection policies, and Defendant is therefore liable for liquidated damages and interest pursuant to LMRA § 301, 29 U.S.C. § 185.

**COUNT V**

**(ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(G)(2)(E) – Order Compelling Payroll Audit)**

21. Plaintiffs reallege each averment set forth as if fully rewritten herein.

22. Under the terms of Plaintiffs' Trust Agreements and Collection Policies, Defendant is obligated to submit to an audit of its books and records, in order to verify its compliance with is contribution obligation.

23. Upon information and belief, Defendant has submitted one or more inaccurate monthly work reports to Plaintiffs, understanding the contributions owed to Plaintiffs.

24. Plaintiffs have no way of verifying, absent an audit, the number of hours worked by Defendant's covered employees and have therefore directed Defendant to submit to an audit of its records covering the time period June 2024 and later.

25. Defendant is required by the Plaintiffs' respective Trust Agreements and Collection Policies to submit to audit and, should Defendant fail to cooperate fully, Plaintiffs are entitled to an order compelling Defendant to submit to a payroll audit pursuant to ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E).

**WHEREFORE**, Plaintiffs demand the following relief:

A. An order compelling Defendant to submit to an audit of its books and records for the time period June 2024 and later.

B. Judgment in favor of Plaintiffs and against Defendant for unpaid and delinquent contributions owed by Defendant as disclosed by Defendant's work reports, or by audit;

C. Judgment on behalf of Plaintiffs and against Defendant for accumulated interest and liquidated damages on the delinquent contributions, plus any additional interest accrued at the time of an entry of judgment, in an amount to be determined;

D. Judgment on behalf of Plaintiffs and against Defendant in the amount of unpaid contributions which should accrue during the pendency of this action, as provided under ERISA § 502(g), 29 U.S.C. § 1332 (g)(2)(A), in an amount to be determined;

E. Judgment on behalf of Plaintiffs and against Defendant for accumulated interest and liquidated damages on unpaid contributions which should accrue during the pendency of this action, in an amount to be determined;

F. Judgment for Plaintiffs' audit costs, in accordance with the Trust Agreements and Collection Policies;

G. An award of attorney's fees and costs against Defendant for the fees and costs incurred in connection with the collection of the unpaid amounts as provided for by the terms of the CBA, Trust Agreements, and Plaintiffs' collection policies, and ERISA § 502(g), 29 U.S.C. § 1332(g)(2)(D);

H. An Order retaining jurisdiction over this cause pending compliance with all Orders; and

I. Any other legal or equitable relief which the Court deems just as provided for under ERISA § 502(g), 29 U.S.C. § 1132(g)(2)(E).

Respectfully submitted,

LEDBETTER PARTNERS LLC

/s/ Thomas R. Kendall

Thomas R. Kendall (#26859-15)
Paul E. Stoehr (OH #0096213)
5078 Wooster Rd., Suite 400
Cincinnati, OH 45226
(937) 619-0900 (ph)
(937) 619-0999 (fax)
tkendall@fringebenefitlaw.com
pstoehr@fringebenefitlaw.com
*Attorneys for Plaintiffs*